IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al.<br>1130 17th Street, N.W.<br>Washington, D.C. 20036<br><br>Plaintiffs,<br><br>v.<br><br>GALE NORTON, et al.<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>Defendants,<br><br>SAFARI CLUB INTERNATIONAL<br>4800 West Gates Pass Road<br>Tucson, Arizona 85745<br><br>SAFARI CLUB INTERNATIONAL<br>FOUNDATION<br>4800 West Gates Pass Road<br>Tucson, Arizona 85745<br><br>Defendant-Intervenor<br>Applicants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 06-cv-00180 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SCI AND SCIF's ANSWER TO PLAINTIFFS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Safari Club International and Safari Club International Foundation (collectively "SCI") by and through counsel, answer, and otherwise respond to Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"). SCI answers each paragraph of the Complaint without waiving, and expressly reserving, all rights that they may have to seek relief by appropriate motion.

## INTRODUCTION

1. To the extent that Paragraph 1 sets forth Plaintiffs' characterization of the case or conclusions of law, no response is required. To the extent that Paragraph 1 attempts to paraphrase or reference the contents of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-44 or the Administrative Procedure Act, 5 U.S.C. § 706, the statutes speak for themselves and are the best evidence of their own content. The allegation that the Florida Black Bear is "imperiled" is denied.

## JURISDICTION

2. Paragraph 2 sets forth a conclusion of law to which no further response is required. The statutory provisions referred to in Paragraph 2 speak for themselves and are the best evidence of their own content.

## PARTIES

3. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis denies them.

4. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 and on that basis denies them.

5. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 and on that basis denies them. SCI specifically denies that activities permitted in the absence of listing are contributing to the extinction of the species, that the species is in danger of

extinction, that Federal Defendants have failed to do anything that is necessary to ensure the species' recovery, and that the species needs to be "recovered."

6. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 and on that basis denies them.

7. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 and on that basis denies them.

8. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis denies them. SCI specifically denies that activities permitted in the absence of listing are contributing to the extinction of the species, that the species is in danger of extinction, that Federal Defendants have failed to do anything that is necessary to ensure the species' recovery, and that the species needs to be "recovered."

9. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis denies them.

10. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis denies them. SCI specifically denies that activities permitted in the absence of listing are contributing to the extinction of the species, that the species is in danger of extinction, that Federal Defendants have failed to do anything that is necessary to ensure the species' recovery, and that the species needs to be "recovered."

11. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 and on that basis denies them.

12. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and on that basis denies them. SCI specifically denies that activities permitted in the absence of listing are contributing to the extinction of the species, that the species is in danger of extinction, that Federal Defendants have failed to do anything that is necessary to ensure the species' recovery, and that the species needs to be "recovered."

13. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis denies them.

14. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis denies them. SCI specifically denies that activities permitted in the absence of listing are contributing to the extinction of the species, that the species is in danger of extinction, that Federal Defendants have failed to do anything that is necessary to ensure the species' recovery, and that the species needs to be "recovered."

15. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 and on that basis denies them.

16. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 and on that basis denies them. SCI specifically denies that activities permitted in the absence of listing are contributing to the extinction of the species, that the species is in danger of extinction, that Federal Defendants have failed to do anything that is necessary to ensure the species' recovery, and that the species needs to be "recovered."

17. SCI admits that Defendant Gale Norton is the Secretary of the Interior. The remaining allegations in Paragraph 17 contain conclusions of law to which no response is required.

18. SCI admits that Defendant H. Dale Hall is the Director of the United States Fish and Wildlife Service. The remaining allegations in Paragraph 18 contain conclusions of law to which no response is required.

## STATUTORY FRAMEWORK AND FACTS GIVING RISE TO PLAINTIFFS' CAUSES OF ACTION

19. The statutory and regulatory provisions referred to in Paragraph 19 speak for themselves and are the best evidence of their own content. The remaining allegations in Paragraph 19 contain conclusions of law or Plaintiffs' characterization of the statute, to which no response is required.

20. The statutory provisions referred to in Paragraph 20 speak for themselves and are the best evidence of their own content.

21. The statutory and regulatory provisions referred to in Paragraph 21 speak for themselves and are the best evidence of their own content. The remaining allegations in Paragraph 21 contain conclusions of law or Plaintiffs' characterization of the statute, to which no response is required.

22. The statutory provisions referred to in Paragraph 22 speak for themselves and are the best evidence of their own content. The remaining allegations in Paragraph 22 contain conclusions of law or Plaintiffs' characterization of the statute, to which no response is required.

23. The statutory provisions referred to in Paragraph 23 speak for themselves and are the best evidence of their own content. The remaining allegations in Paragraph 23 contain conclusions of law or Plaintiffs' characterization of the statute, to which no response is required.

24. The statutory and regulatory provisions referred to in Paragraph 24 speak for themselves and are the best evidence of their own content. The remaining allegations in Paragraph 24 contain conclusions of law or Plaintiffs' characterization of the statute, to which no response is required.

25. The statutory and regulatory provisions referred to in Paragraph 25 speak for themselves and are the best evidence of their own content. The remaining allegations in Paragraph 25 contain conclusions of law or Plaintiffs' characterization of the statute, to which no response is required.

26. SCI admits the allegations of the first two sentences of paragraph 26. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 26 and on that basis denies them. To the extent the allegations of the third sentence of Paragraph 26 characterize the conclusions of a written document, that document speaks for itself and is the best evidence of its contents.

27. The allegations of Paragraph 27 appear to characterize the conclusions of a written document and that document speaks for itself and is the best evidence of its contents. If that is not the case, SCI lacks sufficient knowledge or information

to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 27 and on that basis denies them.

28. The allegations of the first sentence of Paragraph 28 characterize the contents of Florida law, which speaks for itself and is the best evidence of its contents. SCI denies the implication of the first sentence of Paragraph 28 that Florida Black Bears are legally hunted in the Baker and Columbia counties and in Apalachicola National Forest. SCI admits that the State of Georgia allows a limited regulated hunt of Florida Black Bear in southern Georgia.

29. The allegations of Paragraph 29 characterize the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents. Other than by reference to the Federal Register notice, SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29.

30. The allegations of Paragraph 30 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

31. The allegations of Paragraph 31 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

32. The allegations of Paragraph 32 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

33. The allegations of Paragraph 33 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

34. The allegations of Paragraph 34 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

35. The allegations of Paragraph 35 characterize the contents of a settlement agreement entered into by some of the Plaintiffs and the Department of the Interior, which document speaks for itself and is the best evidence of its contents. Other than by reference to discussion of the settlement agreement in various documents, SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35.

36. The allegations of Paragraph 36 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

37. The allegations of Paragraph 37 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

38. The allegations of Paragraph 38 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

39. The allegations of Paragraph 39 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

40. The allegations of Paragraph 40 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

41. The allegations of Paragraph 41 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

42. The first sentence of Paragraph 42 characterizes a previous lawsuit brought by some of the Plaintiffs in this case and no response is required. The second sentence of Paragraph 42 characterizes this Court's decision in *Defenders of Wildlife v. Norton,* No. 99-2072 (HHK) (D.D.C. Dec. 13, 2001), which document speaks for itself and is the best evidence of its contents.

43. Paragraph 43 characterizes and quotes from this Court's decision in *Defenders of Wildlife v. Norton,* No. 99-2072 (HHK) (D.D.C. Dec. 13, 2001), which document speaks for itself and is the best evidence of its contents.

44. Paragraph 44 characterizes and quotes from this Court's decision in *Defenders of Wildlife v. Norton,* No. 99-2072 (HHK) (D.D.C. Dec. 13, 2001), which document speaks for itself and is the best evidence of its contents.

45. Paragraph 45 characterizes and quotes from this Court's decision in *Defenders of Wildlife v. Norton,* No. 99-2072 (HHK) (D.D.C. Dec. 13, 2001), which document speaks for itself and is the best evidence of its contents.

46. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegation regarding when Plaintiffs submitted the letter referenced in the first sentence of Paragraph 46. Otherwise, Paragraph 46 characterizes the contents of that letter, which document speaks for itself and is the best evidence of its contents.

47. Paragraph 47 characterizes the contents of a letter, which document speaks for itself and is the best evidence of its contents.

48. Paragraph 48 characterizes the contents of a letter, which document speaks for itself and is the best evidence of its contents.

49. The allegations of Paragraph 49 characterize the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

50. The allegations in the first sentence of Paragraph 50 contain conclusions of law to which no response is required. The allegations of the second sentence of Paragraph 50 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

51. The allegations in the first sentence of Paragraph 51 contain conclusions of law to which no response is required. The allegations of the second sentence of Paragraph 51 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

The allegations in the third sentence of Paragraph 51 contain conclusions of law to which no response is required and Plaintiffs' characterization of a Supreme Court case, which document speaks for itself and is the best evidence of its contents. The allegations of the fourth sentence of Paragraph 51 characterize the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

52. The allegations of the first and second sentences of Paragraph 52 characterize and quote from the contents of Federal Register notices, which documents speak for themselves and are the best evidence of their contents. The allegations in the third sentence of Paragraph 52 contain Plaintiffs' characterization of agency action or conclusions of law to which no response is required. To the extent that the third sentence of Paragraph 52 sets forth factual allegations, these allegations are denied.

53. The allegations of Paragraph 53 characterize and quote from the contents of a Federal Register notice and a letter, which documents speak for themselves and are the best evidence of their contents.

54. To the extent the allegations of Paragraph 54 characterize the contents of a Federal Register notice, that document speaks for itself and is the best evidence of its contents. To the extent the allegations of Paragraph 54 contain conclusions of law, no response is required.

55. The first sentence of Paragraph 55 contains conclusions of law to which no response is required. SCI lacks sufficient knowledge or information to form a

    belief as to the truth of the allegations contained in the second, third and fourth sentences of Paragraph 55 and on that basis denies them, and asserts that these allegations are irrelevant to the resolution of this case.

56.    To the extent the allegations in the first sentence of Paragraph 56 are conclusions of law, no response is required. To the extent a response is otherwise required, the allegations are denied. The allegations of the second, third, and fourth sentences of Paragraph 56 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

57.    SCI denies the allegation in the first sentence of Paragraph 57 that the FWS failed to consider the best data available. To the extent the first sentence of Paragraph 57 is a legal conclusion, no response is required. The allegations of the second sentence of Paragraph 57 characterize and quote from the contents of a Federal Register notice, which document speaks for itself and is the best evidence of its contents.

58.    SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegation regarding when Plaintiffs submitted the letter referenced in the first sentence of Paragraph 58. The allegations in the second sentence of Paragraph 58 contain conclusions of law to which no response is required, and quote from and characterize the contents of that letter, which document speaks for itself and is the best evidence of its contents.

59. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 that the FWS responded to any letter and on that basis denies them. The rest of the allegations in Paragraph 59 characterize and quote from the contents of a letter, which document speaks for itself and is the best evidence of its contents.

## PLAINTIFFS' CLAIM FOR RELIEF

60. Paragraph 60 contains conclusions of law to which no response is required.

61. Paragraph 61 contains conclusions of law to which no response is required.

62. SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62 and on that basis denies them.

## REQUEST FOR RELIEF

The remaining paragraphs of the Complaint constitute Plaintiffs' request for relief to which no answer or response is required. To the extent an answer or response is required, SCI denies the allegations in the paragraphs setting forth Plaintiffs' request for relief and that Plaintiffs are entitled to the requested relief or any relief whatsoever.

Any allegation not expressly admitted or responded to is denied.

## AFFIRMATIVE DEFENSES

1. This Court lacks subject matter jurisdiction over the claims in the Complaint.
2. The allegations in the Complaint fail to state a claim upon which relief may be granted.
3. Plaintiffs lack standing to assert the claims set forth in the Complaint.

4.      Res judicata, collateral estoppel, and law of the case bar the relief sought by Plaintiffs.

5.      Plaintiffs have failed to give the statutorily required notice under the ESA.

SCI reserves the right to assert additional affirmative defenses as they may be discovered after filing of this Answer and before trial.

WHEREFORE, SCI denies that Plaintiffs are entitled to the relief requested or for any relief whatsoever, requests that this action be dismissed with prejudice and that judgment be entered in favor of the Defendants and Defendant-Intervenors and against the Plaintiffs, and that Defendant-Intervenors be awarded costs, including reasonable attorney's fees, and such other relief as the Court deems just and appropriate.

Dated this 31st day of March, 2006.

Respectfully submitted,

/s/ Douglas S. Burdin
Douglas S. Burdin
(D.C. Bar No. 434107)
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202)-543-8733
Facsimile: (202)-543-1205
dburdin@sci-dc.org

/s/ Douglas S. Burdin with consent for
Anna M. Seidman
(D.C. Bar No. 417091)
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202)-543-8733
Facsimile: (202)-543-1205
aseidman@sci-dc.org

Counsel for Safari Club International and
Safari Club International Foundation

14