UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, ET AL. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:06-cv00180 (HHK) |
| | ) |
| P. LYNN SCARLETT, Acting Secretary of Interior ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **DEFENDANTS' ANSWER**

Defendants P. Lynn Scarlett, Acting Secretary of the Department of the Interior, H. Dale Hall, Director, United States Fish and Wildlife Service ("Service"), both in their official capacities (collectively "Defendants"), by and through counsel, hereby answer Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint") by responding to the correspondingly numbered paragraphs of the Complaint as follows:

### INTRODUCTION

1. The allegations in Paragraph 1 are legal conclusions to which no response is required.

### JURISDICTION

2. The allegations in Paragraphs 2 are legal conclusions to which no response is required.

### PARTIES

**A.   Plaintiffs**

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis deny them.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis deny them.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis deny them.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis deny them.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis deny them.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis deny them.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis deny them.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis deny them.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny them.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis deny them.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis deny them.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis deny them.

15. Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 15, and on that basis deny them.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis deny them.

**B.    Defendants**

17. Defendants deny the allegations in Paragraph 17 to the extent that P. Lynn Scarlett is now Acting Secretary of the Interior.

18. Defendants admit the allegations in Paragraph 18.

### STATUTORY FRAMEWORK AND FACTS GIVING RISE TO PLAINTIFFS' CAUSES OF ACTION

**A.    Statutory and Regulatory Framework**

19.-20. The allegations in Paragraphs 19 and 20 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

21. The allegations in Paragraph 21 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

22. The allegations in Paragraphs 22 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

23. The allegations in Paragraph 23 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

24. The allegations in Paragraph 24 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their

contents. Any allegations contrary to their plain language and meaning are denied.

25. The allegations in Paragraph 25 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The allegations in the last sentence of Paragraph 25 also purport to characterize a policy statement published in the Federal Register, which statement speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning is denied.

**B.    Relevant Facts**

26. Defendants admit the allegations in the first and second sentences of Paragraph 26. As to the third sentence, Defendants admit that, following extensive human development, as of December 1998 the Florida black bear occupied perhaps 27 percent of its former range in Florida. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence, and on that basis deny them.

27. Defendants admit the allegation in the first sentence of Paragraph 27, but aver that the Service's own estimate of the total population in 1998 ranged between 1,600 and 3,000 bears.

28. The allegations in Paragraph 28 purport to characterize the finding published in the Federal Register on January 14, 2004 ("January 2004 Finding"), which finding speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

29. Defendants admit the allegations in Paragraph 29.

30-34. The allegations in Paragraphs 30-34 purport to characterize a finding published in the Federal Register, which finding speaks for itself and is the best evidence of its contents. Any

allegations contrary to its plain language and meaning is denied.

35. Defendants admit the allegations in Paragraph 35.

36-41. The allegations in Paragraphs 36-41 purport to characterize a finding published in the <u>Federal Register</u>, which finding speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning is denied.

42. In response to the allegations in the first sentence of Paragraph 42, Defendants admit that on August 3, 1999, Plaintiffs and others filed a lawsuit challenging the Service's December 8, 1998 finding that listing the Florida black bear was not warranted. Defendants deny the remaining allegations in the first sentence. The allegations in the second sentence purport to characterize the court's December 13, 2001 Memorandum in <u>Defenders of Wildlife v. Norton</u>, No. 99-02072 (HHK)(D.D.C.)("December 2001 Memorandum"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

43-45. The allegations in Paragraphs 43-45 purport to characterize the December 2001 Memorandum, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

46-48. The allegations in Paragraphs 46-48 purport to characterize a June 5, 2002 letter from Plaintiff Defenders of Wildlife to the Service ("June 2002 Letter"), a letter which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

49. The allegations in Paragraph 49 purport to characterize the January 2004 Finding, which finding speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

50. Defendants deny the allegations in the first sentence of Paragraph 50. The allegations in the second and third sentences purport to characterize the January 2004 Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

51. Defendants deny the allegations in the first sentence of Paragraph 51. The allegations in the second sentence purport to characterize the January 2004 Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the third sentence purport to characterize a published decision of the United States Supreme Court which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the fourth sentence purport to characterize the January 2004 Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

52. The allegations in the first sentence of Paragraph 52 purport to characterize the January 2004 Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the second sentence purport to characterize proposed and final regulations published in the Federal Register, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The allegations in the third sentence purport to characterize the January 2004 Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

53. The allegations in the first and second sentence purport to characterize the January 2004 Finding, which speaks for itself and is the best evidence of its contents. Any allegations

contrary to its plain language and meaning are denied. The allegations in the third sentence purport to characterize the June 2002 Letter and the January 2004 Finding, both of which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The allegations in the fourth sentence purport to characterize the January 2004 Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

54. Defendants deny the allegations in the first sentence of Paragraph 54. The allegations in the second sentence purport to characterize the January 2004 Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

55. Defendants deny the allegations in the first sentence of Paragraph 55. The remaining allegations purport to characterize the January 2004 Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

56. Defendants deny the allegations in the first sentence of Paragraph 56. The remaining allegations purport to characterize the January 2004 Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

57. The allegations in the first sentence of Paragraph 57 consist of legal conclusions to which no response is required. As to the allegations in the second sentence, Defendants admit that the Service did not solicit any public comments nor conduct any scientific peer review in the preparation of the January 2004 Finding, but aver that neither the December 2001 Memorandum, the ESA and implementing regulations, or Service policies required the Service to do so.

Defendants deny the remaining allegations in the second sentence.

58. As to the allegations in the first sentence of Paragraph 58, Defendants admit that Plaintiff Defenders of Wildlife sent a letter to Defendants dated June 20, 2005 ("June 20, 2005 Letter"), alleging that the Service violated the ESA by failing to list the Florida black bear as threatened. Defendants deny the remaining allegations in the first sentence. As to the allegations in the second sentence, Defendants admit that the June 20, 2005 Letter purports to serve as notice of alleged violations of the ESA pursuant to 16 U.S.C. § 1540(g), and alleges that the Service both failed to consider existing regulatory mechanisms and failed to base its decision on the best scientific and commercial data available. Defendants deny the remaining allegations in the second sentence.

59. As to the allegations in Paragraph 59, Defendants admit that the Service responded to the June 20, 2005 Letter on August 18, 2005, stating in that response that "Pursuant to the Court's order, we have provided our reexamination of the regulatory mechanisms being undertaken and enforced at the time of our 1998 finding." Defendants deny the remaining allegations in Paragraph 59.

## PLAINTIFFS' CLAIM FOR RELIEF

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.


The remainder of the Complaint constitutes Plaintiff's Prayer for Relief, to which no response is required. To the extent a response may be required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim for which relief may be granted.

Dated this 3rd day of April, 2006.

                        Respectfully submitted,


                        SUE ELLEN WOOLDRIDGE
                        Assistant Attorney General


                        *S / Courtney Taylor*

                        ―――――――――――――――――――
                        Courtney Taylor, Attorney
                        U.S. Department of Justice
                        Environment & Natural Resources Division
                        Wildlife and Marine Resources Section
                        P.O. Box. 7369
                        Washington, D.C.  20044-7369
                        (202) 353-7548
                        Attorney for Defendants


OF COUNSEL

Michael P. Stevens, Attorney-Adviser
U.S. Department of the Interior
Office of the Regional Solicitor
75 Spring Street, S.W., Suite 304
Atlanta, Georgia   30303