UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
DEFENDERS OF WILDLIFE, et al.      )
                                   )
        Plaintiffs,                )
                                   )   No. 06CV00180
        v.                         )
                                   )
P. LYNN SCARLETT, et al.           )
                                   )
        Defendants.                )
                                   )
                                   )
                                   )
_____)
```

**PLAINTIFFS' RESPONSE TO U.S. SPORTSMEN'S ALLIANCE FOUNDATION
AND CENTRAL FLORIDA BEAR HUNTER ASSOCIATION'S
MOTION TO JOIN
SAFARI CLUB INTERNATIONAL FOUNDATION'S ET AL.'S
MOTION TO INTERVENE**

The U.S. Sportsmen's Alliance Foundation and Central Florida Bear Hunter Association's ("Hunters'") Motion To Join Safari Club International's and Safari Club International Foundation's ("Safari's") Motion To Intervene, like Safari's Motion To Intervene itself, fails to satisfy the requirements of intervention as of right under Federal Rule of Civil Procedure ("Rule") 24(a) for the reasons stated in Plaintiffs' Response To Safari Club International et al.'s Motion To Intervene, which the Plaintiffs incorporate by reference.  This is all the more true, assuming that the Court grants Safari's motion with respect to permissive intervention under Rule 24(b), because the Hunters' interests are indistinguishable from, and thus adequately represented by, Safari: the Hunters have not shown how their

interests are any different from or might diverge from Safari's interests.  See Fund For Animals v. Norton, 322 F.3d 728, 736 (D.C. Cir. 2003) (analyzing whether "the interests of the [intervener] and those of the FWS might diverge during the course of litigation").  Indeed, the identity of interests between the Hunters and Safari is reflected in the Hunters' promise to "file joint briefs [with Safari] and otherwise litigate as one group."  Hunters' Motion To Join at 8.

Nonetheless, provided that the Hunters and Safari file joint briefs and otherwise litigate as one group, as the Hunters have represented they will do, Plaintiffs do not oppose permissive intervention under Rule 24(b).

## **CONCLUSION**

For the foregoing reasons, and as discussed in Plaintiffs' Response To Safari's Motion To Intervene, Plaintiffs respectfully request that the Court deny the Hunters' Motion To Join Safari's application for intervention, in so far as it seeks intervention as of right.  Plaintiffs do not oppose, however, the Hunters' Motion To Join Safari's application for permissive intervention, provided the Hunters file all briefs jointly with Safari and otherwise litigate jointly with Safari.

Respectfully submitted,

_____/S/_____
Joshua R. Stebbins
(D.C. Bar. No. 468542)

_____/S/_____
Howard M. Crystal
(D.C. Bar No. 446189)

Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W.
Suite 700
Washington, D.C.  20009
(202) 588-5206

Of Counsel:

_____/S/_____
Brian Segee
(D.C. Bar. No. 492098)

Michael P. Senatore
(D.C. Bar No. 453116)
Defenders of Wildlife
1101 Fourteenth Street, N.W.
Suite 1400
Washington, D.C.  20005

Attorneys for Plaintiffs

May 17, 2006