

U.S. Department of Justice

Environment and Natural Resources Division

COT

*Wildlife and Marine Resources Section*  *Telephone (202) 305-0210*
*P.O. Box 7369*  *Facsimile (202) 305-0275*
*Ben Franklin Station*
*Washington, DC 20044-7369*

August 25, 2006

Mr. Joshua R. Stebbins
Meyer, Glitzenstein & Crystal
1601 Conneticut Avenue, N.W.
Suite 700
Washington, DC 20009-1056

Re:    Defenders of Wildlife, et al., v. Norton, 06-0180 (HHK) (D.D.C.)

Dear. Mr. Stebbins:

  As discussed on August 24, 2006, I am writing to respond to your letter dated August 14, 2006 about the Administrative Record in the matter listed above.

  In that letter, you requested that the Federal Defendants supplement the Administrative Record with three categories of documents. The first category of documents comprises documents that were included in the Administrative Record in the prior related case, Defenders of Wildlife v. Norton, 99 cv 02072 (HHK)(D.D.C.). The second group of documents includes correspondence to the Service about the Florida Black Bear and documents attached thereto. The third category of documents includes several federal studies that were issued after 1998 and all reference in the Sentore letter of June 5, 2002 (II, document #3). You contend that those documents are appropriately part of the Administrative Record because they were "before" the Service at the time it rendered its decision at issue in this case, citing Boswell Mem. Hospital v. Heckler, 749 F. 2d 788 (D.C. Cir. 1984).

  The Defendants agree that the Administrative Record must contain what was "before" the agency in making its decision. In other words, the record must contain all materials that the agency directly or indirectly considered. With that standard in mind, the Defendants will agree to supplement the record with some of the documents that are listed in Plaintiff's First and Second categories. For the documents not on that list, the Service did not directly or indirectly consider them because they were not relevant to its re-evaluation of the regulatory measures in place to protect the Florida Black Bear as directed by the court in Defenders of Wildlife v. Norton, 99 cv 02072 (HHK)(D.D.C.). For the one document in the Second category and the entire Third category of documents, the Service did not consider these documents because they were published after the 1998 Finding and, therefore, were not available to the Service at the time of the decision. The Defendants will not agree to supplement with those documents.

  As you know, the D.C. Circuit recognizes that there is a presumption that the agency has properly designated the complete record. See Commercial Drapery Contractors, Inc. V. United States, 133 F. 3d 1, 7 (D.C. Cir. 1998). The practice of supplementing the record for judicial review is the exception rather than the rule, and the plaintiffs must make a "strong showing" that the exception is warranted. Id. The Defendants do not believe that this case presents such an exception.

A complete list of the documents and whether the Defendants will agree to include them in the record is contained below.

**Category I:**

Defendants will supplement the Administrative Record with documents # 5, 6, 7, 9, 10, 11, 12, 15, 17

Defendants will not supplement the record with documents #1-4, 8, 14, 16, 18

**Category II:**

Defendants will supplement with documents #1and its attachments and # 2 and attachments A, B, C, H, I, J, K, L, P, Q, S, W, X, Y, Z, AA

Defendants will not supplement with document #2 attachments D, E, F, G, M, N, O, R, T, U, V, BB, CC, and document #3.

Thank you for your patience as we reviewed these documents. I look forward to discussing this issue with you.

Sincerely,

*S/ Courtney Taylor*

Courtney Taylor