UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al.  )<br>  )<br>  Plaintiffs,  )<br>  )  No. 06CV00180<br>  v.  )<br>  )<br>DIRK KEMPTHORNE, et al.  )<br>  )<br>  Defendants.  )<br>  )<br>  )<br>  )<br>_____)  | |

**PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD
AND SUPPORTING MEMORANDUM**

In this action, plaintiffs ask the Court to set aside the Service's 2004 decision that the Florida Black Bear does not warrant listing under the ESA on the ground that the decision violates both the Court's 2001 Order, see Defenders of Wildlife v. Norton, No. 99-02072 (HHK), slip. op. (D.D.C. Dec. 13, 2001) ("2001 Order"), and section four of the ESA, which the 2001 Order enforced. See Reexamination of Regulatory Mechanisms in Relation to the 1998 Florida Black Bear Petition, 69 Fed. Reg. 2100, 2108 (Jan. 14, 2004) ("2004 Decision"), A.R. 0002, 0009. More specifically, the Court's 2001 Order directed the Service to "judge the viability of the black bear based on the threats to its existing status," relying "only on regulatory actions currently in effect when making its decision." 2001 Order at 21-22 (emphasis added). However, the 2004 Decision limits its consideration to regulatory mechanisms and information from 1998, not 2004, and concludes that "the existing regulatory mechanisms applicable in 1998 are not inadequate and do not warrant listing of the Florida black bear." Id.; But see 2004 Decision, 69

Fed. Reg. at 2108 (emphasis added).

Plaintiffs hereby request that the Court supplement the Administrative Record ("AR") in this action by considering six additional documents - attached hereto - that the Service has declined to include in its AR. The documents provide information that bears upon the existing regulatory mechanisms and the present status of the Florida Black Bear, and consists of a June 5, 2002 letter from Plaintiff Defenders of Wildlife ("Defenders") to the Fish and Wildlife Service ("Service") and its attachments (collectively, "Defenders 2002 Letter").[1] The Service refused to include these records in the AR on the ground that it refused to consider any information dated after 1998 in rendering its 2004 Decision. The Court should grant the motion to supplement and consider these materials in resolving the parties' cross-motions for summary judgment because the documents are highly relevant to the issue the Service was supposed to consider - the adequacy of existing regulations given the present status of the bear - and the documents were certainly before the agency when it made its decision under review. See Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984).

## Background

In 2001, the Court remanded to the Service to make a new decision as to whether to list the bear. To inform that decision, in June 2002 Defenders of Wildlife submitted a letter detailing the inadequacy of various regulatory mechanisms to protect the bear, and included five documents substantiating their assertions. See June 5, 2002, Letter from M. Senatore, Defenders

---

[1] These supplemental documents are included as Plaintiffs' Exhibit 1, attached hereto. To distinguish these documents from the Administrative Record filed by the Service, they are referred to as the Supplemental Administrative Record ("S.A.R."), and the documents are stamped with a prefix beginning with the letter "P."

of Wildlife, to S. Williams, U.S. Fish and Wildlife Service (Pls.' Ex. 1); See also Decl. of Defenders Of Wildlife ¶ 7, (Pls.' Ex. 2). In July 2006 the government produced the AR in this matter, and on August 14, 2006, plaintiffs requested that the government supplement the AR with specific documents, including the Defenders 2002 Letter. See August 14, 2006, Correspondence from J. Stebbins to C. Taylor (Pls.' Ex. 3). On August 25, 2006, the government responded and refused to add Defenders 2002 Letter to the AR. See August 24, 2006, Correspondence from C. Taylor to J. Stebbins (Pls.' Ex. 4). At that time the parties apprised the Court of the ongoing discussions concerning the AR. See Joint Statements of August 18 and 25, 2006.

On September 1, 2006, the Court entered a Scheduling Order requiring the parties to either resolve their disputes concerning the AR by September 18, 2006, or to otherwise inform the Court as to how the parties proposed to resolve any remaining disputes concerning the AR. See Sept. 1, 2006, Scheduling Order. Pursuant to that Order, the parties filed a Joint Statement on September 18, 2006, in which the parties explained that the government had agreed to supplement the AR with some, but not all, of the documents requested by plaintiffs, and that if plaintiffs decided to pursue the issue further, they would address the issue at the time they moved for summary judgment. Joint Statement Regarding The Administrative Record, Sept. 18, 2006.

Accordingly, by this motion plaintiffs request that the Court consider the six specific documents that the Service has refused to add to the AR: the correspondence and five attachments that Defenders submitted to the Service while the Service was considering whether or not to list the bear under the ESA.

1.      June 5, 2002, correspondence from M. Senatore to S. Williams, Director, U.S. Fish and

    Wildlife Service;

2.    Attachment A: Out Of Control: Off-Road Vehicles and Roads In Florida's National Forests, Draft Report, Defenders of Wildlife, June 2002;

3.    Attachment B: Comment Letter of Defenders of Wildlife on Access Designation Process for the Apalachicola National Forest;

4.    Attachment C: Comment Letter of Defenders of Wildlife on Access Designation Process for the Osceola National Forest;

5.    Attachment D: Comment Letter of Defenders of Wildlife on Access Designation Process for the Apalachicola National Forest;

6.    Attachment E: David N. Wear & John G. Greis, *The Southern Forest Resource Assessment Summary Report*, U.S.D.A, Forest Service (November 19, 2001) (draft).

As explained above, all of these documents were submitted to the Service during its decision on remand and they bear directly "on the threats to [the bears'] existing status" and the "regulatory actions currently in effect" when the Service made its decision. 2001 Order at 21-22 (emphasis added).

As required by Local Rule 7(m), plaintiffs' counsel sought defendants' position on this motion. Defendants' counsel opposes the requested relief.

## ARGUMENT

**The Court Should Consider June 5, 2002, Correspondence And Attached Documents.**

The Court should allow supplementation of the record with the six documents because these documents were certainly before the Service at the time it rendered its 2004 Decision at issue in this case. The Administrative Procedure Act ("APA") provides that in reviewing agency action a court must consider the "whole record or those parts of it cited by a party . . . ." 5 U.S.C. § 706 (emphasis added). Thus, as the Supreme Court has explained, "review is to be based on

the full administrative record that was before the [agency] at the time [it] made [its] decision." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971); Biodiversity Legal Foundation v. Norton, 180 F. Supp. 2d 7, 10 (D.D.C. 2001) (courts "'should have before [them] neither more or less information than did the agency when it made its decision.'") (quoting Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984)).  Moreover, supplementation is appropriate "when the agency failed to consider factors which are relevant to its final decision."  Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989).

    In this case, all of the requested documents were clearly before the Service while it was examining whether existing regulatory mechanisms were adequate to protect the bear given its present status.  Indeed, one document is a report that the Service itself participated in that is relevant to a central issue of the case: the rate of development and its impacts on southern forests. See David N. Wear & John G. Greis, The Southern Forest Resource Assessment Summary Report, U.S.D.A, Forest Service (November 19, 2001) (draft).  The agency simply refused to consider these documents because it refused to consider information that post-dated 1998, despite the Court's Order that it determine whether "existing" regulatory mechanisms are adequate given the "present status" of the bear, 2001 Order at 20, and despite the ESA's mandate that the Service use "solely" the "best available scientific and commercial data" in making its determination.  16 U.S.C. § 1533(b)(1).

    The Court should therefore supplement the AR and consider the documents to evaluate whether the Service failed to "examine the relevant data," Motor Vehicle Mfr's. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 42-43 (1983), which under the ESA includes the "best . . . data available," 16 U.S.C. § 1533(b)(1)(A), concerning the adequacy of "existing" regulatory

mechanisms to protect the bear. 2002 Order at 20. Courts have not hesitated to consider extra-record materials that demonstrate critical matters that an agency did not, but should have, considered in its decision-making. See, e.g., Esch, 876 F.2d 976, 991 (D.C. Cir. 1989); The Humane Society of the United States v. Dept. of Commerce, 432 F. Supp. 2d 4, 12-13 (D.D.C. 2006).[2] Accordingly, the Court should supplement the AR with the six requested documents, attached hereto as Plaintiffs' Exhibit 1 (bates stamped P1-P302), and should consider the documents in resolving the parties' cross-motions for summary judgment.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant plaintiffs' Motion to Supplement the Record, and consider these additional materials in resolving the parties' cross-motions for summary judgment. A proposed Order is attached.

---

[2] Thus, for example, in cases under the National Environmental Policy Act, 42 U.S.C. § 4321, et seq., courts routinely consider evidence concerning environmental impacts that an agency should have, but did not, consider. See Esch, 876 F.2d at 991; see also American Rivers v. U.S. Army Corps of Engineers, 271 F. Supp. 2d 230, 247 (D.D.C. 2003)

Respectfully submitted,

        /s/
_____
Joshua R. Stebbins
(D.C. Bar. No. 468542)
Howard M. Crystal
(D.C. Bar No. 446189)
Eric R. Glitzenstein
(D.C. Bar. No. 358287)

Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W.
Suite 700
Washington, D.C.  20009

(202) 588-5206

October 30, 2006                                       Attorneys for Plaintiffs