# Meyer Glitzenstein & Crystal

1601 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20009-1056

Katherine A. Meyer
Eric R. Glitzenstein
Howard M. Crystal
Kimberly D. Ockene
Joshua R. Stebbins
Tanya M. Sanerib
Erin M. Tobin

Telephone (202) 588-5206
Fax (202) 588-5049
www.meyerglitz.com

August 14, 2006

Ms. Courtney Taylor
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources
P.O. Box 7369
Washington, D.C. 20044

Re:   Defenders of Wildlife, et al., v. Gale Norton, 06-0180 (HHK) (D.D.C.)

Dear Ms. Taylor:

As discussed, I am writing with regard to the Administrative Record filed by the United States Fish and Wildlife Service ("Service" or "FWS") in the above referenced matter. More specifically, I am writing to request that the Service supplement the Administrative Record as indicated below, and to request further information concerning certain documents identified in the privilege log produced by the Service.

As you know, the Administrative Procedure Act, 5 U.S.C. § 706, provides that judicial review is to be on the "whole record" or those parts of it cited by the parties, and D.C. Circuit precedent therefore requires that the Service include in the Administrative Record all information that was "before" the agency at the time that it rendered its decision at issue in this case. E.g., Boswell Mem. Hospital v. Heckler, 749 F.2d 788 (D.C.Cir. 1984). Defenders of Wildlife, et al., ("Defenders") therefore requests that the Service supplement the Administrative Record in this case with the following documents, as these documents constitute information that was before the agency at the time of its decision:

    I.    Documents listed below that were included in the Administrative Record before Judge Kennedy in the prior related case. See Defenders of Wildlife et al., v. Gale Norton, et al., 99 cv- 02072 (HHK) (D.D.C.). Please note that a review of the prior record is still ongoing, and there may be additional documents from the prior record that Defenders may seek to rely upon in this current proceeding.


recycled paper

1) Wooding & Hardsky, Home Range, Habitat Use, and Mortality of Black Bears in North-Central Florida (1994);

2) Gilbert, Chronic Roadkill Problem Areas For Black Bears in Florida (1994);

3) Maehr, The Comparative Ecology of Bobcat, Black Bear, and Florida Panther In Southern Florida (1997);

4) Kautz, Land Use and Land Cover Trends in Florida (1998);

5) FWS, 90-Day Finding on a Petition to List the Florida Black Bear, 55 Fed. Reg. 42223 (Oct. 18, 1990);

6) FWS, Notice of Finding on a Petition to List the Florida Black Bear as a Threatened Species, 57 Fed. Reg. 596 (Jan. 7, 1992);

7) FWS, New 12 Month Finding on a Petition to List the Florida Black Bear, 63 Fed. Reg. 67613 (Dec. 9, 1998);

8) Feb. 8, 1991, D. Wesley correspondence to J.M. Sweeney;

9) Nov. 21, 1998, D. Maehr correspondence to J. Clark, Director, FWS;

10) Nov. 14, 1998, J. Cox correspondence of J. Clark, Director, FWS;

11) Sept 6, 1991, M. Vaughn correspondence to S. Lawrence;

12) Aug. 6, 1991, Col. Brantley, Florida Game and Fresh Waster Fish Commission, correspondence to FWS;

14) Memorialization of Oct. 8, 1991, telephone conversation between S. Lawrence, FWS and C. Servheen, FWS;

15) Memorialization of Oct. 8, 1991, telephone conversation between S. Lawrence, FWS and W. Kaswarm, FWS;

16) July 10, 1991, Florida Congressional Delegation correspondence to J. Turner, Director, FWS;

17) Listing Priority Assignment Form, FWS (Aug. 17, 1997);

18) Sept. 6, 1991, M. Bentzien, Acting Field Supervisor, FWS,

correspondence to Joan Campbell, Florida Department of Transportation.

II. Defenders et al., correspondence to the Service regarding the Florida Black Bear, and documents attached thereto:

    1) May 20, 1997, S. Maddock and L. Macdonald correspondence to N. Clough, Regional Director, FWS, and documents attached thereto;

    2) November 30, 1998, L. Macdonald correspondence to J. Clark, Director, FWS, and the documents attached thereto;

    3) June 5, 2002, M. Senatore correspondence to S. Williams, Director, FWS, and documents attached thereto.

III. The following documents that were discussed at length and quoted in the June 5, 2002, Senatore correspondence to the Service identified above. Defenders believes it would benefit all parties and the Court to make the full federal agency documents available for the Court's review, rather than limit the Court's review of the documents to Defenders' characterization and excerpts of the documents.

    1) U.S. Forests 1999 Revised Land and Management Resource Management Plans, and Record of Decision;

    2) Final Recreational Off-Road Vehicle Management Plan and Supplemental Environmental Impact Statement: Big Cypress National Preserve, Florida (Park Service 2000);

    3) The Southern Forest Resource Assessment: Summary Report, David Wear and John Greis, FWS, November 19, 2001.

In addition, Defenders seeks clarification regarding documents listed on the privilege log over which the Service claims attorney-client privilege. With regard to a number of documents it is not clear if the senders, recipients and those copied are attorneys, and whether the documents were drafted in the context of seeking or obtaining legal advice from an attorney. For example, AR 180-270 appears to be a collection of files that happened to also be sent to the Solicitor's office, and although AR 74-148 appears to be a draft of a document that was revised after an attorney provided advice to the Service, there is no indication that the document, as revised, was ever shared with an attorney. I think that it would be more efficient in the first instance to discuss these issues over the phone rather than in extensive written correspondence. Please let me know if you would be willing to do so.

Thank you for your prompt attention to these matters. I look forward to hearing from you by this coming Wednesday, August 16, so that we may inform the Court how we plan to resolve any disputes concerning the record by this coming Friday, August 18, as provided in the proposed scheduling order we filed with the Court.

Sincerely,

Joshua Stebbins

cc:

Brian Segee
Michael P. Senatore
Defenders of Wildlife
1101 Fourteenth Street NW, Suite 1400
Washington, DC 20005

Douglas Bordin
501 2nd Street, NE
Washington, DC 20002

William Horn
1155 Connecticut Avenue, NW
Washington, DC 20036