**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEFENDERS OF WILDLIFE, *et al*.,     ) | |
|     ) | |
| Plaintiffs,     ) | Case No. 06-cv-00180 (HKK) |
|     ) | |
| v.     ) | |
|     ) | |
| DIRK KEMPTHORNE, *et al*.,     ) | |
|     ) | |
| Defendants,     ) | |
|     ) | |
| SAFARI CLUB INTERNATIONAL,     ) | |
| SAFARI CLUB INTERNATIONAL     ) | |
| FOUNDATION, U.S. SPORTSMEN'S     ) | |
| ALLLIANCE, and CENTRAL FLORIDA     ) | |
| BEAR HUNTERS ASSOCIATION,     ) | |
|     ) | |
| Defendant-Intervenors.     ) | |
|     ) | |

**DEFENDANT-INTERVENORS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE AND
<u>RESPONSE TO PLAINTIFFS' STATEMENT</u>**

Defendant-Intervenors Safari Club International, Safari Club International

Foundation, U.S. Sportsmen's Alliance Foundation, and Central Florida Bear Hunters

Association ("Defendant-Intervenors") respond to Plaintiffs' Statement of Material Facts

as to Which There is No Genuine Issue and present their own "statement" about material

facts.  This is an Administrative Procedure Act ("APA") case that reviews the

administrative actions of the U.S. Fish and Wildlife Service ("FWS") regarding its

decision not to list the Florida black bear under the Endangered Species Act ("ESA").

Consequently, other than the facts relating to the Court's issuance of the 2001 Opinion

and the FWS's issuance of the Federal Register Notice on remand (and maybe facts

relating to Plaintiffs' standing to bring this case), what is material to this case will come

from the administrative record of that decision and do not need to be stated separately as "facts." Thus, Plaintiffs' lengthy recitation of so-called "material facts" contains mostly quotations and characterizations of documents in the administrative record.

With these points in mind, Defendant-Intervenors present a limited statement of material facts and below respond to Plaintiffs' statement of material facts. To the extent the Federal Defendants present additional "material facts," Defendant-Intervenors incorporate the Federal Defendants' statement of material facts by reference.

## DEFENDANT-INTERVENORS' STATEMENT OF MATERIAL FACTS

1. On December 13, 2001, this Court issued a Memorandum Opinion and an Order in the case of *Defenders of Wildlife v. Norton*, No. 99-02072 (HHK) (D.D.C.) ("Remand Order"). The Memorandum and Order remanded the case back to the FWS for further proceedings.

2. On January 14, 2006, the FWS published in the Federal Register, 69 Fed. Reg. 2100-2108, its "Endangered and Threatened Wildlife and Plants; Reexamination of Regulatory Mechanisms in Relation to the 1998 Florida Black Bear Petition Finding."

3. In that document, in compliance with the 2001 Remand Order, the FWS stated that "we have reexamined only one factor, the inadequacy of existing regulatory mechanisms in effect at the time of our previous 1998 12-month finding." 69 Fed. Reg. at 2100.

4. The FWS's action in response to the Remand Order fully complies with the Remand Order and the Endangered Species Act.

## DEFENDANT-INTERVENORS' RESPONSE TO
## PLAINTIFFS' STATEMENT OF MATERIAL FACTS

Paragraphs 1-14.  These statements quote and/or characterize documents from the administrative record, which documents speak for themselves.  These statements are not relevant or material to the resolution of legal issues in this case.

Paragraph 15.  This statement is not supported by any citation at all and is not relevant or material to the resolution of legal issues in this case.

Paragraph 16-44.  These statements quote and/or characterize documents from the administrative record, which documents speak for themselves.  These statements are not relevant or material to the resolution of legal issues in this case.

Paragraph 45.  This statement is not supported by any document in the administrative record, but by a website reference.  While the Court may be able to take judicial notice of official documents on the U.S. Census website, this statement is not relevant or material to the resolution of legal issues in this case.

Paragraphs 46-49.  These statements quote and/or characterize documents from the administrative record, which documents speak for themselves.  These statements are not relevant or material to the resolution of legal issues in this case.

Paragraphs 50-51.  These statements reference documents that are not part of the administrative record.  These statements are not relevant or material to the resolution of legal issues in this case.

Paragraphs 52-57.  These statements quote and/or characterize documents from the administrative record, which documents speak for themselves.  These statements are not relevant or material to the resolution of legal issues in this case.

Paragraphs 58-62.  These statements are not supported by any document in the administrative record, but by a website reference.  While the Court may be able to take judicial notice of official documents on the Florida Fish and Wildlife Commission website, these statements are not relevant or material to the resolution of legal issues in this case.

Paragraph 63.  This statement quotes and/or characterizes a document from the administrative record, which document speaks for itself.  This statement is not relevant or material to the resolution of legal issues in this case.

Paragraph 64.  This statement is not supported by any document in the administrative record, but by a website reference.  While the Court may be able to take judicial notice of official documents on the Florida Fish and Wildlife Commission website, this statement is not relevant or material to the resolution of legal issues in this case.

Paragraphs 65-66.  These statements quote and/or characterize documents from the administrative record, which documents speak for themselves.  These statements are not relevant or material to the resolution of legal issues in this case.

Paragraph 67.  This statement, derived from information presented in paragraphs 65-66, is not relevant or material to the resolution of legal issues in this case.

Paragraphs 68-75.  These statements quote and/or characterize documents from the administrative record, which documents speak for themselves.  These statements are not relevant or material to the resolution of legal issues in this case.

Paragraphs 76-77.  These statements reference documents that are not part of the administrative record.  In addition, these statements are not supported by any document

in the administrative record, but by a website reference.  While the Court may be able to

take judicial notice of official documents on the Environmental Protection Agency

website, these statements are not relevant or material to the resolution of legal issues in

this case.

Paragraph 78.  This statement quotes and/or characterizes a document from the

administrative record, which document speaks for itself.  This statement is not relevant or

material to the resolution of legal issues in this case.

Paragraphs 78-80.  These statements reference documents that are not part of the

administrative record.  These statements are not relevant or material to the resolution of

legal issues in this case.

Paragraphs 81-82.  To the extent these statements quote and/or characterize a

document from the administrative record (specifically the 2004 Federal Register notice),

that document speaks for itself.  These statements also reference documents that are not

part of the administrative record, which documents, to the extent the Court can consider

them, speak for themselves.

Paragraph 83.  Defendant-Intervenors do not at this time dispute the factual

assertions made in this statement.  To the extent this statement makes a legal conclusion

about Plaintiffs' standing, Defendant-Intervenors need not respond to such statement.

Paragraph 84.  While Defendant-Intervenors do not dispute Plaintiffs' standing at

this time, Defendant-Intervenors dispute factual assertions contained in this statement

regarding the Florida black bear going extinct or what the FWS will do to in regards to

this species.

Paragraph 85.  Defendant-Intervenors do not at this time dispute the factual assertions made in this statement.  To the extent this statement makes a legal conclusion about Plaintiffs' standing, Defendant-Intervenors need not respond to such statement.

Paragraph 86.  This statement makes a legal conclusion about Plaintiffs' standing, to which Defendant-Intervenors need not respond.

Dated this 7th day of December, 2006.          Respectfully submitted,


/s/ Douglas S. Burdin
Douglas S. Burdin (D.C. Bar No. 434107)
501 2nd Street, N.E.
Washington, D. C.  20002
Telephone: (202) 543-8733
Facsimile:  (202) 543-1205
dburdin@sci-dc.org

*Counsel for*
*Safari Club International and*
*Safari Club International Foundation*


/s/ Willam P. Horn
William P. Horn (D.C. Bar No. 375666)
Birch, Horton, Bittner & Cherot
1155 Connecticut Ave., N.W.
12th Floor
Washington, D.C.  20036
Telephone: (202) 659-5800
Facsimile:  (202) 659-1027
whorn@dc.bhb.com

*Counsel for U.S. Sportsmen's Alliance and*
*Central Florida Bear Hunters Association*