## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEFENDERS OF WILDLIFE, et al.,    )
           )     No. 06CV00180 (HHK)
        Plaintiffs,    )
           )
vs.           )
           )
DIRK KEMPTHORNE, et al.,    )
           )
        Defendants.    )

---

### DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF
### MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Defendants, through undersigned counsel, pursuant to Local Rule 7.1(h), hereby submit the following response to Plaintiffs' Statement of Material Facts as to Which There is No Genuine Dipute (Nov. 3, 2006) (Doc. # 31). We also incorporate by reference the same caveats to Defendants' Response to Plaintiffs Statement of Material Facts as set forth at pages 1-2 of Defendants' Statement of Material Facts. For ease of reference, Defendants adopt the format used by Plaintiffs, specifying which facts are disputed in each Paragraph:

1. Defendants maintain that the information on page 2200 of the Administrative Record (AR) speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

2. Defendants maintain that the information the Service's January 14, 2004 finding at 69 Fed. Reg. 2100 et seq. (2004 Decision) and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

3. Defendants maintain that the U.S. Fish and Wildlife Service's December 8, 1998 12-month finding at 67 Fed. Reg. 67613 et seq. (1998 Decision) speaks for itself and is the best

evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

4. Defendants maintain that the U.S. Fish and Wildlife Service's December 8, 1998 12-month finding at 67 Fed. Reg. 67613 et seq. (1998 Decision) speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 4 is not material to whether the 2004 Decision violated the Endangered Species Act (ESA), the Administrative Procedure Act (APA), and this Court's December 13, 2001 Order (2001 Order). Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

5. Defendants maintain that the Service's January 14, 2004 finding at 69 Fed. Reg. 2100 et seq. (2004 Decision) speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

6. Defendants maintain that this Court's January 13, 2001 Order (2001 Order) speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

7. Defendants maintain that the Service's January 14, 2004 finding at 69 Fed. Reg. 2100 et seq. (2004 Decision) speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

8.  Defendants maintain that the information on pages 6408 and 6431 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 8 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

9.  Defendants maintain that the information on page 2204 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 9 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

10.  Defendants maintain that the information on page 2204 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 10 is not

material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

 11. Defendants maintain that the information on page 2206 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 11 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

 12. Defendants maintain that the information on page 2206 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 12 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing

factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

13.  Defendants maintain that the information on page 2206 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 13 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

14.  Defendants maintain that the information on page 2204 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 14 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service

reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

15. Defendants dispute the statement in Paragraph 15 because it is vague and ambiguous. Moreover, Defendants contend that the statement in Paragraph 15 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

16. Defendants maintain that the information on pages 505-505 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 16 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

17. Defendants maintain that the information on pages 518, 2200, 2203 and 6406 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its

plain meaning and context are disputed.  Moreover, Defendants contend that the statement in

Paragraph 17 is not material to whether the 2004 Decision violated the ESA, the APA, and the

2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in

the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the

other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased

upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the

. . . Service reasonably concluded that these phenomena would not likely result in the black bear

becoming endangered in the foreseeable future.")

18.  Defendants maintain that the information on pages 2200, 2203 and 2206 of the AR

speaks for itself and is the best evidence of its contents, and any statements contrary to its plain

meaning and context are disputed.  Moreover, Defendants contend that the statement in

Paragraph 18 is not material to whether the 2004 Decision violated the ESA, the APA, and the

2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in

the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the

other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased

upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the

. . . Service reasonably concluded that these phenomena would not likely result in the black bear

becoming endangered in the foreseeable future.")

19.  Defendants maintain that the information on pages 2200, 2203 and 2206 of the AR

speaks for itself and is the best evidence of its contents, and any statements contrary to its plain

meaning and context are disputed.  Moreover, Defendants contend that the statement in

Paragraph 19 is not material to whether the 2004 Decision violated the ESA, the APA, and the

2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in

the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the

other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased

upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the

. . . Service reasonably concluded that these phenomena would not likely result in the black bear

becoming endangered in the foreseeable future.")

     20. Defendants maintain that the information on page 5358 of the AR speaks for itself

and is the best evidence of its contents, and any statements contrary to its plain meaning and

context are disputed. Moreover, Defendants contend that the statement in Paragraph 20 is not

material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather,

it relates to issues that this Court already decided in favor of the Service in the 2001 Order,

namely that the 1998 Decision complied with the ESA and the APA as to the other four listing

factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it

gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service

reasonably concluded that these phenomena would not likely result in the black bear becoming

endangered in the foreseeable future.")

     21. Defendants maintain that the information on page 2204 of the AR speaks for itself

and is the best evidence of its contents, and any statements contrary to its plain meaning and

context are disputed. Moreover, Defendants contend that the statement in Paragraph 21 is not

material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather,

it relates to issues that this Court already decided in favor of the Service in the 2001 Order,

namely that the 1998 Decision complied with the ESA and the APA as to the other four listing

factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it

gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service

reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

22.  Defendants maintain that the information on page 2125 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 22 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

23.  Defendants maintain that the information on page 2125 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 23 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

24. Defendants maintain that the information on page 2204 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 24 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

25. Defendants maintain that the information on page 2204 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 25 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

26. Defendants maintain that the 1998 Decision speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

27.  Defendants maintain that the 1998 Decision speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

28.  Defendants maintain that the 1998 Decision speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

29.  Defendants maintain that the 1998 Decision speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

30.  Defendants maintain that the 1998 Decision speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

31.  Defendants maintain that the 1998 Decision speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 31 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

32.  Defendants maintain that the 1998 Decision speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 32 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998

Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

33.  Defendants maintain that the 1998 Decision speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 33 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

34.  Defendants maintain that the 1998 Decision speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 34 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that

these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

35.  Defendants maintain that the 1998 Decision speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 35 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

36. Defendants maintain that the information on pages 505, 2103 and 2207 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 36 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

37. Defendants maintain that the 2004 Decision speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

38. Defendants maintain that the information on page 3891 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 38 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

39. Defendants maintain that the information on pages 2484, 6408 and 6431 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 39 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

40.  Defendants maintain that the information on pages 2484, 6408 and 6431 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 40 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

41.  Defendants maintain that the information on page 3892 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 41 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

42.  Defendants maintain that the information on page 3894 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 42 is not

material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

43. Defendants maintain that the information on page 6917 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 43 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

44. Defendants maintain that the information on page 3892 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 44 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing

factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

45.  Defendants do not dispute Plaintiffs' characterization of the facts in Paragraph 45.

46.  Defendants maintain that the information on page 3891 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 46 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

47.  Defendants maintain that the information on pages 3892 and 3895 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 47 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . .

Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

48.  Defendants maintain that the information on pages 5338 and 5343 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 48 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

49.  Defendants maintain that the information on page 2174 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 49 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

50. Defendants maintain that the information on page P299 of the Supplemental Administrative Record (SAR) speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 50 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

51. Defendants maintain that the information on page P204 of the SAR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 51 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

52. Defendants maintain that the information on pages 6300-02 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 52 is

not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.

Rather, it relates to issues that this Court already decided in favor of the Service in the 2001

Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four

listing factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new

data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . .

Service reasonably concluded that these phenomena would not likely result in the black bear

becoming endangered in the foreseeable future.")

     53.  Defendants maintain that the information on pages 1190 and 6300-02 of the AR

speaks for itself and is the best evidence of its contents, and any statements contrary to its plain

meaning and context are disputed.  Moreover, Defendants contend that the statement in

Paragraph 53 is not material to whether the 2004 Decision violated the ESA, the APA, and the

2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in

the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the

other four listing factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased

upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the

. . . Service reasonably concluded that these phenomena would not likely result in the black bear

becoming endangered in the foreseeable future.")

     54.  Defendants maintain that the 1998 Decision speaks for itself and is the best evidence

of its contents, and any statements contrary to its plain meaning and context are disputed.

Moreover, Defendants contend that the statement in Paragraph 54 is not material to whether the

2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that

this Court already decided in favor of the Service in the 2001 Order, namely that the 1998

Decision complied with the ESA and the APA as to the other four listing factors set forth in 16

U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

55.  Defendants maintain that the information on page 6301 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 55 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

56.  Defendants maintain that the information on page 2125 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 56 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service

reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

57. Defendants maintain that the information on page 2125 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 57 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

58. Defendants do not dispute Plaintiffs' characterization of the facts in Paragraph 58. However, Defendants contend that the statement in Paragraph 58 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

59. Defendants do not dispute Plaintiffs' characterization of the facts in Paragraph 59. However, Defendants contend that the statement in Paragraph 59 is not material to whether the

2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that

this Court already decided in favor of the Service in the 2001 Order, namely that the 1998

Decision complied with the ESA and the APA as to the other four listing factors set forth in 16

U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning

the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that

these phenomena would not likely result in the black bear becoming endangered in the

foreseeable future.")

      60.  Defendants partially dispute Plaintiffs' characterization of the facts in Paragraph 60,

and aver that 50 bears were actually killed in 1995.  In any case, Defendants contend that the

statement in Paragraph 60 is not material to whether the 2004 Decision violated the ESA, the

APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of

the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the

APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at

18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting,

and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result

in the black bear becoming endangered in the foreseeable future.")

      61.  Defendants do not dispute Plaintiffs' characterization of the facts in Paragraph 61.

However, Defendants contend that the statement in Paragraph 61 is not material to whether the

2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that

this Court already decided in favor of the Service in the 2001 Order, namely that the 1998

Decision complied with the ESA and the APA as to the other four listing factors set forth in 16

U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning

the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that

these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

62. As to Paragraph 62, Defendants do not dispute Plaintiffs' assertion that 132 bears were killed in 2002. Defendants further maintain that the information on pages 1887 and 2133 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statements in Paragraph 62 are not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, they relate to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

63. Defendants maintain that the information on page 2129 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 63 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

64.  Defendants do not dispute Plaintiffs' characterization of the facts in Paragraph 64, although Defendants aver that the 615 roadkills in Ocala represent the cumulative number between 1976 and 2004, and not the number killed in 2004.  In any case, Defendants contend that the statement in Paragraph 64 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

65.  Defendants maintain that the 1998 Decision and 2004 Decision speak for themselves and are the best evidence of their contents, and any statements contrary to their plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 65 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1).  See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

66.  Defendants maintain that the information on page 3901 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 66 is not

material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

67. Defendants dispute the characterization of the facts in Paragraph 67. Moreover, Defendants contend that the statement in Paragraph 67 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

68. Defendants maintain that the 2004 Decision and the information on page 509 of the AR speak for themselves and are the best evidence of their contents, and any statements contrary to their plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 68 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at

18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

69.  Defendants maintain that the information on pages 1190, 1237-38, and 1271 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

70.  Defendants maintain that the information on pages 1190, 1237-38, and 1271 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

71.  Defendants maintain that the information on pages 1190, 1237-38, and 1271 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

72.  Defendants maintain that the information on page 1216 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

73.  Defendants maintain that the information on page 1237 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

74.  Defendants maintain that the information on page 6301 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.  Moreover, Defendants contend that the statement in Paragraph 74 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order.  Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order,

namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

75. Defendants maintain that the information on page 6719 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 75 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

76. Defendants do not dispute Plaintiffs' characterization of the facts in Paragraph 76. However, Defendants contend that the statement in Paragraph 76 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). <u>See</u> 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that

these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

77. Defendants do not dispute Plaintiffs' characterization of the facts in Paragraph 77. However, Defendants contend that the statement in Paragraph 77 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

78. Defendants maintain that the information on page 6439 of the AR speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed. Moreover, Defendants contend that the statement in Paragraph 78 is not material to whether the 2004 Decision violated the ESA, the APA, and the 2001 Order. Rather, it relates to issues that this Court already decided in favor of the Service in the 2001 Order, namely that the 1998 Decision complied with the ESA and the APA as to the other four listing factors set forth in 16 U.S.C. § 1533(a)(1). See 2001 Order at 18-19 ("[B]ased upon new data it gathered concerning the effects of habitat destruction, hunting, and roadkill, the . . . Service reasonably concluded that these phenomena would not likely result in the black bear becoming endangered in the foreseeable future.")

79.   Defendants maintain that the information in the Plaintiffs' Exhibit 6 speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

80.  Defendants maintain that the information in Plaintiffs' Exhibit 7 speaks for itself and is the best evidence of its contents, and any statements contrary to its plain meaning and context are disputed.

81.  Defendants maintain that the information contained in Plaintiffs' Exhibits 1 and 7, and in AR 22, speaks for itself and is the best evidence of its content, and any statements contrary to its plain meaning and context are disputed.

82.  Defendants maintain that the information contained in Plaintiffs' Exhibits 1 and 7, and in AR 22, speaks for itself and is the best evidence of its content, and any statements contrary to its plain meaning and context are disputed.

83.  Defendants maintain that the information contained in Plaintiffs' Exhibits 9 and 10 speaks for itself and is the best evidence of its content, and any statements contrary to its plain meaning and context are disputed.

84.  Defendants dispute Plaintiffs' characterization of the facts in Paragraph 84. Furthermore, to the extent that Plaintiffs' assertions consist of conclusions of law, they are inappropriate for submission as statements of fact.

85.  Defendants maintain that the information contained in Plaintiffs' 9 and 10 speaks for itself and is the best evidence of its content, and any statements contrary to its plain meaning and context are disputed.

86. Defendants maintain that the information contained in Plaintiffs' Exhibits 11 and 12 speaks for itself and is the best evidence of its content, and any statements contrary to its plain meaning and context are disputed.

Dated: December 7, 2006.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
JEAN E. WILLIAMS, Chief
SETH M. BARSKY, Assistant Chief
Wildlife and Marine Resources Section

*S/ Courtney Taylor*

_____

COURTNEY  TAYLOR
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, D.C.  20044-7369
Telephone: (202) 353-7548
Facsimile: (202) 305-0275
Email: Courtney.Taylor@usdoj.gov

Of Counsel:
Michael P. Stevens
United States Department of the Interior
Office of the Solicitor
Southeast Region
75 Spring Street, S.W., Suite 304
Atlanta, Georgia   30303
(404) 331-0722

Attorneys for Defendants