UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:06-cv00180 (HHK) |
| ) | |
| DIRK KEMPTHORNE, ET AL.,[1/] ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiffs in this action seek to have this Court set aside the United States Fish and Wildlife Service's ("Service") 2004 decision that the Florida black bear ("bear") does not warrant listing as threatened or endangered under the Endangered Species Act (ESA). In December 2001, this Court issued an opinion that remanded to the Service part of its 1998 listing decision that the bear did not warrant listing as threatened or endangered under the ESA. Specifically, the Court instructed the Service to reexamine the inadequacy of existing regulatory mechanisms and determine whether inadequate regulatory mechanisms would render the bear threatened or endangered. Consistent with the Court's opinion, the Service conducted a thorough reexamination of the regulatory mechanisms that existed at the time of its 1998 listing decision and, on January 14, 2004, issued its decision on remand concluding again that listing the bear is not warranted based on the inadequacy of regulatory mechanisms.

---

[1/]Pursuant to Federal Rule of Civil Procedure 25(d)(1), Dirk Kempthorne, Secretary of the Department of the Interior, is automatically substituted for his predecessor, Gale Norton.

The Service filed its original record on July 7, 2006 and then voluntarily supplemented that record on September 27, 2006.  Dkt # 20, 27.  Nonetheless, in their motion, Plaintiffs now ask the Court to supplement the Administrative Record ("record") compiled by the Service with six documents including a letter from the Plaintiff, Defenders of Wildlife, to the Service dated June 5, 2002 and its five attachments.  Based on D.C. Circuit caselaw, the motion should be denied, and Plaintiffs' post-decisional, extra record evidence should not be included in the Administrative Record for this suit.

## ARGUMENT

The Service's administrative record in this case is quite extensive and complete, containing over 7000 pages in the combined original and supplemental record.  The Service determined in 2004 that listing the bear was not warranted after a lengthy administrative process, including extensive review of state and federal laws and regulations.  See generally 69 Fed. Reg. 2100 (Jan. 14, 2004).  Notwithstanding the extensive record, and while acknowledging the record review limitations applicable to judicial review, Plaintiffs now seek to depart from the well-established principle limiting review to the record.  In sum, the administrative record details in depth the documents and reasoning that the Service used to make its decision and represents a full and complete recitation of the Service's decision-making process.

Courts review agency decisions under the ESA according to the Administrative Procedure Act, 5 U.S.C. § 706, ("APA").  American Wildlands v. Norton, 193 F. Supp. 2d 244, 251 (D.D.C. 2002) (citing City of Las Vegas v. Lujan, 891 F.2d 927, 932 (D.C. Cir. 1989)).  The Supreme Court has repeatedly emphasized the strict limitations the APA imposes on judicial review.  See Vermont Yankee Nuclear Power Corp.  v. Natural Res. Def. Council, 435 U.S. 519,

549 (1978)(citing Camp v. Pitts, 411 U.S. 138, 143 (1973)).  Thus, the standard of review under the APA is "highly deferential," and "presumes agency action to be valid."  Ethyl Corp. v. EPA, 541 F.2d 1, 34 (D.C. Cir. 1976) (citing Citizens to Protect Overton Park v. Volpe, 401 U.S 402, 415)(1971)(abrogated on other grounds, Califano v. Sanders, 430 U.S. 99 (1977).  Although the Court should not simply "rubber stamp" the agency's decision, the burden of proof is on the party challenging the decision.  Id. at 52.  Advocates for Highway and Auto Safety v. Fed. Motor Carrier Safety Admin., 429 F.3d 1136, 1144 (D.C. Cir. 2005).

      The APA limits judicial review of agency action to the administrative record.  Vermont Yankee, 435 U.S. at 549.  The Supreme Court and D.C. Circuit have emphasized that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  Camp  v. Pitts, 411 U.S. at 142 (1973).  See Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); Edison Elec. Inst. v. Occupational Safety and Health Admin., 849 F.2d 611, 617-18 (D.C.Cir. 1988); Envtl. Def. Fund ("EDF") v. Costle, 657 F.2d 275, 284 (D.C. Cir.1981).  The administrative record includes all materials "compiled" by the agency that were before it at the time it made its decision.  See Overton Park v. Volpe, 401 U.S. at 419; EDF v. Costle, 657 F.2d at 284.

      The practice of supplementing the record for judicial review is the exception rather than the rule.  See San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n, 751 F.2d 1287, 1324 (D.C. Cir. 1984), aff'd in relevant part and vacated in part, 760 F.2d 1320 (D.C. Cir. 1985), aff'd, 789 F.2d 26 (D.C. Cir. 1986) (en banc), cert. denied, 479 U.S. 923 (1986) (quoting Motor & Equip. Mfrs. Ass'n v. EPA, 627 F.2d 1095, 1105 n.18 (D.C. Cir. 1979)).  There are, however, limited circumstances in which a reviewing court may consider supplementing an

agency-compiled record. The D.C. Circuit holds that a party desiring to supplement the record must demonstrate one of the applicable factors: (1) when it appears that the agency has deliberately or negligently excluded documents adverse to its decision; (2) when supplementation of the record provides essential background information necessary to determine whether the agency considered all relevant factors; (3) where the agency failed to explain its administrative action so as to frustrate effective judicial review; or (4) when it appears that the agency acted in bad faith. James Madison, Ltd. By Hecht v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996); Commercial Drapery Contractors v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998) (internal citations omitted). Plaintiffs are required to "make a 'strong showing' that the exception applies." Fund for Animals v. Williams, 245 F. Supp. 2d 49, 58 (D.D.C. 2003)(aff'd in part and vacated on other grounds, 428 F.3d 1059 (D.C. Cir. 2005).[2]

      Plaintiffs here argue that the Court should consider post-decisional evidence "to evaluate whether the Service failed to 'examine the relevant data'" in its decision-making. Pls. Motion to Supplement the Administrative Record (Dkt. # 30) at 5-6. Plaintiffs claim that post-1998 data is relevant to the Service's 2004 listing decision because in its 2001 opinion, this Court directed the Service to review "existing" regulatory mechanisms and to evaluate those mechanisms in light

---

[2] To support their argument, Plaintiffs rely on a D.C. Circuit opinion, Esch v. Yeutter, that is not controlling. Pls. Motion at 5-6 citing Esch, 876 F.2d 976, 991 (D.C. Cir. 1989). Courts in the D.C. Circuit, including an unpublished opinion by the D.C. Circuit, declared the discussion of exceptions allowing extra-record review to be *dicta* and of limited probative value. Beverly Enterprises, Inc. v. Herman, 130 F. Supp. 2d 1, 8 fn. 2 (D.D.C. 2000) (applying the eight exceptions generally was "dicta" in Esch ), Peterson Farms I v. Espy, 1994 WL 26331, *3, 15 F.3d 1160 (D.C. Cir. 1994) ("the probative value of such dicta is limited"); see also Southwest Center for Biological Diversity v. Norton, Civ. No. 98-934 (RMU/JMF), 2002 WL 1733618 at *7 (D.D.C. July 29, 2002) (noting dicta in Esch); Oceana, Inc. v. Evans, 384 F. Supp. 2d 203, 218 n. 17 (D.D.C. 2005) (same). The Esch decision is, therefore, inapposite and should be disregarded.

of the "present status" of the bear. Pls. Motion at 5.

Plaintiffs' motion here is premised entirely on their incorrect argument raised in their merits brief that the Service was required to consider post-1998 information in responding to the Court's remand. As shown in our Cross-Motion for Summary Judgment, this contention is simply wrong. In effect, Plaintiffs are simply re-stating the argument that they assert in their summary judgment motion in this administrative record context. See Plaintiffs' Motion for Summary Judgment at 1-2, 24-27, Dkt. # 29. That argument was not persuasive in the summary judgment context for all the reasons discussed in Defendants' accompanying Opposition to Plaintiffs' Motion for Summary Judgment. See Def. MSJ at 12-30. And it is still unpersuasive here. The Service evaluated all the relevant regulatory mechanisms that existed in 1998, as required by the Court's 2001 opinion and the ESA. See Def. MSJ at 16-30. The Service did not consider, either directly or indirectly, the post-1998 data because that data exceeds the scope of what the Court instructed the Service to evaluate on remand. Even if the Service had considered the post-1998 data, its 2004 Factor D analysis would remain unchanged. In compliance with the 2001 opinion and the ESA, the Service considered in its 2004 listing decision whether regulatory mechanisms that existed in 1998 were inadequate so as to leave the bear threatened or endangered. Thus, the post-1998 data was not relevant to the Service's 2004 decision. Plaintiffs, therefore, fail to "make a strong showing" that an exception applies, as required.

## CONCLUSION

For the foregoing reason, Defendants respectfully request that the Court deny Plaintiffs' Motion to Supplement the Record.

Dated this 7th day of December, 2006.

                                                  Respectfully submitted,

                                                  SUE ELLEN WOOLDRIDGE
                                                  Assistant Attorney General

                                                  *S/ Courtney Taylor*

                                                  _____

                                                  Courtney Taylor
                                                  Trial Attorney
                                                  U.S. Department of Justice
                                                  Environment & Natural Resources Division
                                                  Wildlife and Marine Resources Section
                                                  P.O. Box. 7369
                                                  Washington, D.C.  20044-7369
                                                  (202) 353-7548
                                                  Attorney for Defendants

OF COUNSEL

Michael P. Stevens, Attorney-Adviser
U.S. Department of the Interior
Office of the Regional Solicitor
75 Spring Street, S.W., Suite 304
Atlanta, Georgia   30303

Case 1:06-cv-00180-HHK     Document 38     Filed 12/07/2006     Page 7 of 7