UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 06CV00180 (HHK) |
| v. ) | |
| ) | |
| DIRK KEMPTHORNE, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD**

The Service's Opposition To Plaintiffs' Motion To Supplement The Administrative Record ("FWS Brief")[1] neatly summarizes the central flaw in the Service's 2004 remand determination. That is, the Service contends that post-1998 information – information that pertains to the status of the Florida black bear, the threats to its survival, and the efficacy of existing regulatory mechanisms to protect the bear – is "not relevant" to its 2004 determination that the Florida black bear does not warrant listing under the Endangered Species Act ("ESA"). FWS Brief at 5.

However, the ESA requires that the Service determine whether a species warrants listing based upon the "inadequacy of existing regulatory mechanisms" based "solely" upon the best available data. 16 U.S.C. § 1533(a)(1)(D),(b). And the Court specifically enforced this standard when it mandated that the Service "must judge the viability of the black bear based on threats to

---

[1] This brief also replies to Defendant-Interveners Opposition To Plaintiffs' Motion To Supplement The Record.

its <u>existing status</u> and . . . regulatory actions <u>currently in effect when making its decision</u>." 2001 Order at 21-22.

To be clear, the Service does not dispute that plaintiffs submitted the documents at issue in this motion to the Service in 2002, two years before it actually made its latest decision not to list the bear. Nor does the Service dispute that the information submitted pertains to: 1) the Service's own revised assessment of the rate of development - the principal threat the bear faces - in areas that support core bear population habitat, an assessment that is at odds with an earlier assessment on which the Service predicated its 2004 Decision; 2) the ongoing development and fragmentation of core population habitat; and 3) the implementation and enforcement - in short, the efficacy - of existing regulatory mechanisms to protect bear habitat on public lands. Moreover, the Service agrees that supplementation is appropriate "when it appears that the agency has . . . excluded documents adverse to its decision" and "when supplementation of the record provides essential background information necessary to determine whether the agency considered all relevant factors." FWS Brief at 4.

Nonetheless, the Service asserts that the information, submitted by plaintiffs in 2002 for a decision the Service rendered in 2004, should not be included in the record because it is somehow "post-decisional evidence" and thus not "relevant." FWS Brief at 4, 5. This is so because the information supposedly "exceeds the scope of what the Court instructed the Service to evaluate on remand." FWS Brief at 5.

The Service's opposition epitomizes the illogical premise of its entire 2004 remand determination. Again, the ESA and the Court's 2001 Order, required the Service to "judge the viability of the black bear based on . . . regulatory actions <u>currently in effect when making its</u>

decision." 2001 Order at 21-22 (emphasis added). To contend, as the Service does, that information bearing on the "existing status" of the bear and "regulatory actions currently in effect when making its decision" is irrelevant and should be ignored is flatly inconsistent with the legal standard the agency was required to apply on remand.

In short, the information plaintiffs submitted is not only relevant, it is adverse to the Service's decision, and it demonstrates factors that the agency failed to consider, but should have. James Madison Ltd. By Hecht v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996); Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989).[2] Moreover, it clearly constitutes information that was before the Service when it made its decision, regardless of whether the Service arbitrarily and capriciously refused to consider it in rendering its opinion. Boswell Mem'l Hosp. V. Heckler, 749 F.2d 788 (D.C. Cir. 1984); Ad Hoc Metals Coalition v. Whitman, 227 F.Supp.2d 134, 139 (D.D.C. 2002) (agency may not exclude information on grounds it did not "rely" on excluded information when making its final decision). As such the Court should order the agency to supplement the record with the documents submitted by plaintiffs in 2002 and require that, at the very least, the agency consider the supplemental information in rendering its decision on whether the bear requires listing based on the inadequacy of the existing regulatory mechanisms to protect the species.

## **CONCLUSION**

For the above stated reasons, the Court should grant plaintiffs' Motion to Supplement the Administrative Record with the six documents attached to plaintiffs' Motion to Supplement.

---

[2] Contrary to the Service's efforts to dismiss Esch as dicta, it is the law that is applied in this Circuit. E.g., Fund for Animals, 391 F.Supp. 2d 191, 197-98 (D.D.C. 2005).

                                        Respectfully submitted,

                                        _____
                                        Joshua R. Stebbins
                                        Howard M. Crystal
                                        Eric R. Glitzenstein

                                        Meyer Glitzenstein & Crystal
                                        1601 Connecticut Ave., N.W.
                                        Suite 700
                                        Washington, D.C.  20009
                                        (202) 588-5206

January 11, 2007                       Attorneys for Petitioners